**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10619 |
| Plaintiff - Appellee, | DC No. 4:09 cr-1334 DCB |
| v. |  |
| CRUZ MONTANO-LORONA, | MEMORANDUM* |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted January 17, 2013**
San Francisco, California

Before:   TASHIMA and GRABER, Circuit Judges, and ADELMAN,***
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

\*\*\*      The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

Cruz Montano-Lorona ("Montano") appeals his jury conviction for illegal reentry under 8 U.S.C. § 1326(a). His primary defense at trial was that he had acquired derivative citizenship through his father, a United States citizen. We affirm.

**1.** Montano asserts that the district court absolved the government of its burden to disprove derivative citizenship. However, "the government does not have the burden of disproving each element of derivative citizenship; only 'alienage' is among the elements of [illegal reentry], so only it must be proven." *United States v. Sandoval-Gonzalez*, 642 F.3d 717, 724 (9th Cir. 2011) (emphasis omitted). Nor did the district court place the burden of proving derivative citizenship on Montano, which was in keeping with the principle that "a criminal defendant faces no burden whatsoever regarding the issue of derivative citizenship in a prosecution for an offense of which alienage is an element." *Id*. at 723. Finally, read in context and in light of these principles, the district court's observation that "there's no presumption" regarding derivative citizenship was a correct statement of the law. Accordingly, the district court did not impermissibly shift the burden of proof or undermine the presumption of innocence.

**2.** There was sufficient evidence to support the conviction. The only question at trial was whether Montano was an alien at the time of reentry.

-2-

Montano stipulated that he was deported on January 23, 2009, and the government presented evidence that he had also been removed on March 10, 1988. There was documentation that Montano had applied for acquired or derivative citizenship and that the application had been denied. Montano also had admitted to Border Patrol agents that he was a Mexican citizen in the United States illegally. Finally, the government presented evidence indicating that neither of Montano's siblings qualified for acquired or derivative citizenship.

In response to this evidence, Montano presented only his own testimony and two inconclusive statements from his parents. Accordingly, there was ample evidence to support the conviction. *See id.* at 727 (two previous deportations, birth in Mexico, and defendant's admission that he was a Mexican citizen illegally in the United States was sufficient evidence of illegal reentry).

**AFFIRMED.**